OF

## THE STATE OF NEW JERSEY.

FEBRUARY TERM, 1885.

---

THEODORE RUNYON, ESQ., ORDINARY.

---

AARON BAKER, appellant,

*v.*

SAMUEL J. GALPIN, administrator, respondent.

The administrator of a married woman paid a bill presented by a physician against the estate, and her husband excepted to its allowance in the settlement of the administrator's account.—*Held*, that the physician was incompetent to testify to a promise by the decedent to pay the bill.

---

Appeal from decree of Somerset orphans court.

*Mr. R. V. Lindabury*, for appellant.

*Mr. A. A. Clark*, for respondent.

THE ORDINARY.

This appeal is from a decree of the orphans court, allowing a claim of Dr. H. G. Wagner against the estate of Mrs. Baker, a married woman, for medical services. The claim was paid by the respondent as administrator, and he claimed credit for it in his final account. To the allowance thereof the appellant excepted. Two objections are made, one that the claim was not put in under oath within the time limited (as is said) by the order limiting creditors; the other, that it was not duly proved. As to the first objection, it is enough to say that there is no evidence, except in the decree in question, and the charge for the cost of an order to limit in the account, that there was such an order. When the time limited expired does not appear. The estate was not insolvent. The exceptant was not a creditor, but the husband of the intestate claiming the surplus as such. The claimant's affidavit was, in fact, made to the claim, but it was not until after the exceptions had been filed.

As to the other ground of exception, there was no evidence before the court of the rendering of the services. The bill was made out against the intestate's estate, but to or for whom the services were rendered does not appear from it or in any other way. The only evidence on the subject is contained in the decree itself, in which it is stated that Dr. Wagner testified that the decedent promised to pay him his bill for his attendance upon her from funds coming to her from her father's estate, and that appears, from the decree, to have been all the evidence given on the subject of the claim. The burden of establishing the claim was on the accountant. Dr. Wagner was not even a competent witness to prove what was proved—the promise of the intestate to pay out of her separate estate, which was all he testified to. The claim was wholly unsupported, and should have been disallowed. The decree will consequently, so far as the allowance of the claim and the amount of the balance in the hands of the respondent are concerned, be reversed, with costs, and the record remitted to the orphans court.